THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:10cv208

| | | |
|---|---|---|
| DONNA GILBERT STACEY, ) | | |
| ) | | |
| **Plaintiff,** ) | | |
| ) | | |
| vs. ) | | **MEMORANDUM OF** |
| ) | | **DECISION AND** |
| MICHAEL J. ASTRUE, Commissioner ) | | **ORDER** |
| of Social Security, ) | | |
| ) | | |
| **Defendant.** ) | | |
| ) | | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 7] and the Defendant's Motion for Summary Judgment [Doc. 14].

## I.  PROCEDURAL HISTORY

The Plaintiff Donna Stacey protectively filed applications for a period of disability and disability insurance benefits and Supplemental Security Income on September 6, 2005, alleging that she had become disabled as of March 14, 2005. [Transcript ("T") 64]. Her application was denied initially and on reconsideration. [T. 36-38, 41-45]. A hearing was held before Administrative Law Judge ("ALJ") Todd D. Jacobson on May 16, 2008. [T.333-66]. On July 21, 2008, the ALJ issued a decision denying Plaintiff benefits. [T.15-22]. The

Appeals Council accepted additional evidence but denied the Plaintiff's request for review, thereby making the ALJ's decision the finial decision fo the Commissioner. [T. 5-8]. The Plaintiff has exhausted her available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. §405(g).

## II.  STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

The Social Security Act provides that "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). The Fourth Circuit has defined "substantial evidence" as "more than a scintilla and [doing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401, 91 S.Ct. at 1427).

The Court may not re-weigh the evidence or substitute its own judgment for that of the Commissioner, even if it disagrees with the Commissioner's decision, so long as there is substantial evidence in the record to support the final decision below. Hays, 907 F.2d at 1456; Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III.   THE SEQUENTIAL EVALUATION PROCESS

In determining whether or not a claimant is disabled, the ALJ follows a five-step sequential process. 20 C.F.R. §§ 404.1520, 416.920. If the claimant's case fails at any step, the ALJ does not go any further and benefits are denied. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

First, if the claimant is engaged in substantial gainful activity, the application is denied regardless of the medical condition, age, education, or work experience of the applicant. 20 C.F.R. §§ 404.1520, 416.920. Second, the claimant must show a severe impairment. If the claimant does not show any impairment or combination thereof which significantly limits the claimant's physical or mental ability to perform work activities, then no severe impairment is shown and the claimant is not disabled. Id. Third, if the impairment meets

or equals one of the listed impairments of Appendix 1, Subpart P, Regulation 4, the claimant is disabled regardless of age, education or work experience. Id. Fourth, if the impairment does not meet the criteria above but is still a severe impairment, then the ALJ reviews the claimant's residual functional capacity (RFC) and the physical and mental demands of work done in the past. If the claimant can still perform that work, then a finding of not disabled is mandated. Id. Fifth, if the claimant has a severe impairment but cannot perform past relevant work, then the ALJ will consider whether the applicant's RFC, age, education, and past work experience enable the performance of other work. If so, then the claimant is not disabled. Id.

## IV. FACTS AS STATED IN THE RECORD

At the time of her May 2008 hearing the Plaintiff was 46 years old and working as a "scaler." She had held that job since June 2007, weighing boxes of meat.[1] [T. 362]. At her hearing, she claimed to be disabled by pain and escalating breathing problems [T. 338]; a related sleep disorder [T. 344]; diabetes [T. 347]; asthmatic reactions to chemicals, heavy lifting, and cold air [T. 345, 347, 339]; depression [T. 347]; and forgetfulness. [T. 361-2].

She reported that she was then working twenty hours per week, but had

---

[1] At one point Plaintiff testified that she began this job in June 2006, [T.340], but this was clarified to 2007 later in her testimony. [T.362].

at times worked thirty. She attributed the fluctuation in hours to the cold conditions and the weight she had to lift, but admitted that she "floated" tasks periodically to accommodate her needs, and did not explicitly testify to what weight she lifted. [T. 343, 357]. Her job involved standing throughout an eight hour shift in a forty degree environment. [T. 340-1]. She had problems with maintaining her breath, but did not ask for breaks for fear of losing her job. [T. 340]. Prior jobs had been cut short by asthmatic responses to nearby chemicals and to heavy lifting as a waitress. [T. 345, 347]. She acknowledged having sought no psychotherapy in spite of it having been recommended, and that at least one doctor had told her she was not disabled. [T. 355, 358].

## V. THE ALJ'S DECISION

On July 21, 2008, the ALJ issued a decision denying the Plaintiff benefits. [T. 15-22]. Proceeding to the sequential evaluation, the ALJ found that the Plaintiff's date last insured was December 1, 2011 and that she had not engaged in any substantial gainful activity since March 14, 2005. [T. 17]. The ALJ then determined the following severe impairments: respiratory impairment, obesity, depressive disorder and sleep apnea. [T. 17]. The ALJ concluded that her impairments did not meet or equal a listing. [T. 18]. He then determined somewhat inconsistently that Plaintiff retained the residual

functional capacity (RFC) to "perform the full range of light work," but that she was specifically limited to "never climbing ladders, occasionally climbing stairs, balance, stoop, crouch, kneel or crawl, no concentrated exposure to hazards such as moving machinery or unprotected heights, no concentrated exposure to dust, fumes or gases" and to "simple, routine repetitive tasks." [T. 19].

The ALJ found that Plaintiff was able to perform her past relevant work as inspector. [T. 21]. Accordingly, he concluded that the Plaintiff was not disabled from March 14, 2005 through the date of the decision. [T. 22].

**VI. DISCUSSION**

At the outset it must be noted that it is difficult to determine the basis for the Plaintiff's appeal. In her brief in support of summary judgment, Plaintiff does not cite to any statute, regulation or other authority that she claims the ALJ failed to follow. Plaintiff only argues that the ALJ "improperly rejected" the opinion of Dr. Deborah Barnett, Ph.D. [Doc. 8 at 5], and that since Dr. Barnett's opinion was "uncontradicted in the record" the ALJ "should have sent out the Plaintiff for a further independent medical examination." [Id.].

On May 9, 2008, (seven days before Plaintiff's hearing) Dr. Barnett, performed a psychological evaluation on the Plaintiff, at the request of her

6

attorney. [T. 300-3, 355]. The examination consisted of a "Mini Mental Status Exam," an interview and pain evaluations. Observations from the Mini Mental Status Exam showed that Plaintiff was adequately oriented to time, place, person and situation, had generally logical and coherent thought, and had grossly intact memory. Dr. Barnett quoted the Plaintiff as reporting hallucinations and diminished memory. She also quoted Plaintiff as having recently had problems in her job with following instructions. [T. 301]. Plaintiff denied having had therapy or psychiatric hospitalizations, but was taking Klonopin 1 mg and Zoloft 50 mg without benefit.[2] Id. Dr. Barnett quoted Plaintiff as claiming that she got along with supervisors and coworkers. Yet in the next sentence, Dr. Barnett said that she "appears to have difficulty being able to conform to social standards, comply with rules and regulations, cooperate with authority figures, and interact with peers due to her depression." Because Plaintiff reported not visiting with friends, Dr. Barnett noted a "marked" limitation in social functioning. [T. 302]. Plaintiff said she reduced the frequency of her cooking, cleaning, laundry and shopping, and experienced problems with focus and concentration that impacted her work performance. For those reasons Dr. Barnett noted "marked" limitations in

---

[2]Other evidence of record indicates that the Klonopin was prescribed for restless leg disorder, which is not a mental impairment. [T. 86, 100].

activities of daily living (ADLs). [T. 302]. Pain test results were mixed, with one indicating symptom magnification and one indicating the absence thereof. [T. 302]. Her anxiety was reported as triggered by significant financial issues. [T. 303]. Dr. Barnett recommended psychotherapy. [T. 303]. Even though Plaintiff said she intend to comply, as of the May 16, 2008 hearing she had not taken any steps toward compliance, and acknowledged the negative implications of such failure. [T. 355].

Plaintiff implies, but does not explicitly argue, that attributing full weight to Dr. Barnett's opinion would have resulted in a finding of disability. Plaintiff bears the burden of proof to demonstrate disabling limitations through step four of the sequential evaluation. 42 U.S.C. § 423(d)(5); 20 C.F.R. § 404.1502 (1980); English v. Shalala, 10 F.3d 1080, 1082 (4th Cir. 1993), Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). Her claim was denied at step four, so the burden never shifted from her. This directly addresses Plaintiff's threshold argument wherein she contends that the ALJ had a duty to send her for additional psychological evaluation before disregarding Dr. Barnett's opinion and that it was error for him to do otherwise. Since she retained the burden of proof there was no requirement that the ALJ seek out additional evidence. Plaintiff's assertion is without merit.

Moving on to Plaintiff's nebulous argument that the ALJ "improperly rejected" Dr. Barnett's opinion, the Court finds this argument to be without foundation in the record. The ALJ's ruling was consistent with Dr. Barnett's report in that he found depressive disorder to be a severe impairment at step two. He noted her findings for "marked" limitations in social functioning and ADLs, and significant "declines" in concentration, persistence and pace, as well as the diagnostic evidence of major depressive disorder that was severe with psychotic features, adjustment disorder with anxiety and a Global Assessment of Functioning (GAF) score of 45. [T. 18]. At step three, he evaluated her mental impairments with regard to the Listings. He took Dr. Barnett's report partly into account in that he found "mild" restrictions in concentration, persistence and pace; ADLs; and social functioning. Therefore, as to Plaintiff's assertion that the ALJ "rejected" Dr. Barnett's opinion, this is clearly a false assertion.

It is, however, true that the ALJ did not entirely accept the report either. In deciding the weight to attribute to any medical opinion, among the elements the ALJ may consider are the nature and duration of the provider-patient relationship, supportability of the opinion through medical signs and laboratory findings, and consistency with the record as a whole. See 20 C.F.R. §

9

404.1527. The ALJ took Dr. Barnett's opinion into account but also considered the record as a whole. He alluded to the absence of a State Agency opinion on the subject of mental impairments [T. 18], which flowed from Plaintiff not alleging any mental impairment until the last-minute evaluation by Dr. Barnett seven days before the hearing. As to social functioning, he noted that she continued to work, having held several jobs after her alleged onset date. [T. 19]. As such, the ALJ did not reject Dr. Barnett's opinion, but took it into account with other evidence, as was proper.

At step four Dr. Barnett's opinion was "given little weight." [T. 21]. The ALJ noted that Dr. Barnett was not a treating source, but only an evaluating source. He also noted Plaintiff's lack of any past or current mental health treatment. He specifically addressed the finding of diminished concentration and "marked" limitations in social functioning as being inconsistent with the rest of the record, and with Plaintiff's behavior at the hearing. These are permissible reasons for discounting the opinion under 20 C.F.R. § 404.1527(d) & (f). Substantial evidence supports the ALJ's findings.

In her brief, Plaintiff recounts portions of Dr. Barnett's opinion that are favorable to Plaintiff, but her argument entails nothing more than asking the Court to re-weigh the evidence. This is without merit. <u>Hays</u>, 907 F.2d at

1456; Lester v. Schweiker, 683 F.2d at 841.

Lastly, Plaintiff argues that the ALJ did not follow the opinion of the vocational expert (VE). The VE testified "If her forgetfulness was such, that she was - if to the extent that she made errors on the job on a consistent basis, I think she would lose the job and be unable to perform it." [T.365]. Plaintiff, however, never testified that her forgetfulness was such that it jeopardized her job or rendered her unable to perform it.[3] Plaintiff testified about instances where she had been admonished at work for her forgetfulness [e.g. T. 361-62], but not that she was at risk of dismissal over it. For this reason the record simply does not support Plaintiff's argument.

## VII. CONCLUSION

For the foregoing reasons, the Court concludes that the ALJ applied the correct legal standards, and that there is substantial evidence to support the ALJ's finding of no disability through the date of his decision.

## O R D E R

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Summary Judgment [Doc. 14] is **GRANTED**.

---

[3] Plaintiff testified that she feared she would be fired if she took too many breaks [T.340], but not because of her forgetfulness.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 7] is **DENIED**.

A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: October 28, 2011

Martin Reidinger
United States District Judge